Filed 3/5/25  P. v. Irvin CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LARRY WILLIAM IRVIN,<br><br>Defendant and Appellant. | F086946<br><br>(Super. Ct. No. LF012027A)<br><br>**OPINION** |

---

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.   Judith K. Dulcich, Judge.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Julie A. Hokans and Galen N. Farris, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Smith, Acting P. J., Snauffer, J. and DeSantos, J.

Defendant and appellant Larry William Irvin (defendant) was convicted by a jury of corporal injury resulting in a traumatic condition, assault by means likely to cause great bodily injury (GBI), violation of a restraining order, and assault with a deadly weapon. The jury also found true enhancements for GBI. By virtue of two prior appeals, defendant has been sentenced on these offenses three times. In his most recent sentence, defendant was sentenced to a total term of 10 years imprisonment. On appeal, defendant argues that the trial court's consideration of an aggravating factor that he did not admit and that was not found true by a jury resulted in constitutional error that necessitates a reversal of the sentence. We affirm.

## BACKGROUND

On July 15, 2018, defendant argued with his ex-girlfriend, R.B. The argument escalated, and defendant threatened to kill R.B. Defendant then hit, choked, stomped, and kicked R.B. M.N., a third party, arrived and hit defendant in the face. Defendant grabbed a sword and chased M.N. The police arrived and defendant fled, but the police were able to effectuate defendant's arrest. (*People v. Irvin* (May 4, 2022, F078625, as modified May 6, 2022) [nonpub. opn.] (*Irvin I*).)

On July 31, 2018, the Kern County District Attorney filed an information that charged defendant with: attempted murder of R.B. (Pen. Code,[1] §§ 187, subd. (a), 664; count 1); corporal injury of R.B. resulting in a traumatic condition (§ 273.5, subd. (a); count 2); assault on R.B. by means likely to produce GBI (§ 245, subd. (a)(4); count 3); violation of a restraining order involving R.B. (§ 273.6, subd. (d); count 4); and assault against M.N. with a deadly weapon (§ 245, subd. (a)(1); count 5). In relevant part, the information also alleged as enhancements to counts 1 through 4 that defendant inflicted GBI on R.B. (§ 12022.7, subd. (e)).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2.

On October 31, 2018, a jury found defendant guilty on counts 2 through 5 and found true the GBI enhancements. The jury hung on count 1, and the count was subsequently dismissed on motion by the People. The trial court sentenced defendant to a total of 11 years as follows: the upper term of five years on count 2, plus the upper term of five years on the GBI enhancement, and one year (one-third the midterm) on count 5, to be served consecutively to count 2. The court sentenced defendant to nine years on count 3 (the upper term of four years, plus the upper term of five years on the GBI enhancement) and eight years on count 4 (the upper term of three years, plus the upper term of five years on the GBI enhancement) but stayed the sentences pursuant to section 654.

In the first appeal, we affirmed defendant's conviction but reversed his sentence and remanded for full resentencing. We reversed the sentence so that the trial court could exercise its discretion in light of Assembly Bill No. 518 (2021–2022 Reg. Sess.), which amended section 654, and Senate Bill No. 567 (2021–2022 Reg. Sess.), which amended section 1170. (*Irvin I*, *supra*, F078625.)

On August 16, 2022, the trial court resentenced defendant to the same sentence that it had imposed the first time. The court stayed the sentences on counts 3 and 4 under section 654 and imposed a total term of 11 years on counts 2 and 5 and the GBI enhancement.

In the second appeal, we again reversed defendant's sentence. (*People v. Irvin* (2023) (July 5, 2023, F084806) [nonpub. opn.] (*Irvin II*).) Defendant argued that the trial court erred by imposing the upper term sentences on count 2 and the associated GBI enhancement because the sentences were not supported by stipulated facts or jury findings. The court had identified four factors in aggravation to impose the upper term sentences: (1) numerous past convictions; (2) six prior prison terms; (3) misdemeanor probation status at the time of the current offenses; and (4) poor prior performance while on probation. We concluded that because none of these factors were admitted by

defendant or found true by a jury, the court's reliance on these factors violated amended section 1170. (*Irvin II*, *supra*, F084806.) In determining that reversal and a resentencing were necessary, we explained in part:

> "[T]he trial court did not specify which aggravating circumstances it was relying on in imposing the upper term for the great bodily injury enhancement. The People concede that the court improperly relied on two aggravating circumstances without a required finding or stipulation when it imposed the upper term on count 2. However, they argue that we should presume the court was aware of and followed the applicable law with respect to the great bodily injury enhancement. We decline to make such a presumption given that the trial court did not make the requisite findings beyond a reasonable doubt for the appropriate aggravating circumstances on count 2.

> "While exercising its discretion in imposing the upper term on the enhancement, it is not clear whether the trial court relied solely on the two circumstances regarding … defendant's probation status and performance and/or the two circumstances involving defendant's prior convictions. 'It would be entirely speculative for us to presume, based on a record that does not directly address the aggravating factors, what a jury would have found true in connection with these factors.' [Citation omitted.] Thus, we are unable to determine whether a jury would have found the aggravating facts relied upon by the trial court true beyond a reasonable doubt." (*Irvin II*, *supra*, F084806.)

On September 28, 2023, the trial court held a resentencing hearing. The court agreed with the People that because defendant's RAP sheet and 969b packet were admitted into evidence during trial as People's exhibits 13 and 14, respectively, it could consider those documents. The court then identified the three aggravating factors it would consider in imposing a sentence (numerous prior convictions, prior prison term, and the status of being on probation at the time of the current convictions) and discussed its sentencing rationale. Specifically, the court explained:

> "And then I think with respect to the factors that the Court can consider without a jury trial, without an admission, would involve

4.

[California Rules of Court, rule] 4.421(b)(2),[2] [d]efendant's prior convictions as an adult … are numerous or of increasing seriousness; [rule 4.421] (b)(3), … defendant has served a prior term in prison or county jail under [section] 1170[, subdivision] (h); [rule 4.421] (b)(4), whether he was on probation, mandatory supervision, post release, or parole .…

"So I do have before me People's [exhibits] 13 and 14, which does also support what is in the original probation officer's report for criminal history found in pages 3 through 6.

"So with respect to whether his convictions were numerous or of increasing seriousness, based on People's [exhibit] 14, that does appear to be the case, and I will find that is proved beyond a reasonable doubt. [¶] … [¶]

"So I do think that [rule] 4.421(b)(2) is true beyond a reasonable doubt. [Rule] 4.421(b)(3) is whether he served a prior prison term, and that is clear from this RAP sheet as well, and [rule] 4.421(b)(4), he was on several—he was on several misdemeanor probations at the time of the current offense. I was just checking the dates on that. So I do find that one true beyond a reasonable doubt as well. [¶] … [¶]

"But based on those factors alone that I did find true beyond a reasonable doubt, I do believe the upper term on the [c]ounts 2, 3, 4, and 5 [is] appropriate.

"With respect to the enhancement, on the enhancement, I'm just going to impose the midterm, and I'm not going to go out on a limb and try and interpret the law. I think the upper term is sufficient with the respect to the main charge."

The trial court then imposed a total term of imprisonment of 10 years as follows: on count 2, the court sentenced defendant to the upper term of five years, plus the midterm of four years on the GBI enhancement; and on count 5, one year (one-third the midterm) to be served consecutively to count 2. The court also sentenced defendant to eight years on count 3 (the upper term of four years, plus the midterm of four years on the GBI enhancement) and seven years on count 4 (the upper term of three years, plus the midterm of four years on the GBI enhancement) but stayed the sentences pursuant to

---

**2** Further rule references are to the California Rules of Court.

section 654. Defendant filed his notice of appeal after the conclusion of the sentencing hearing.

## DISCUSSION

### A. Parties' Arguments

Defendant argues that the trial court erroneously relied on the aggravated factor that the current crimes were committed while he was on probation because he did not admit this fact and a jury did not find this fact to be true. Defendant argues that in *Irvin II*, our court held that reliance on this factor was erroneous and that the error was not harmless. Defendant argues that since the trial court made the same error, we should follow the reasoning of *Irvin II* and remand the case for resentencing.

The People in part concede that the trial court erred by relying on the fact that defendant was on probation at the time he committed the current offenses. However, the People argue that, pursuant to *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*), the error was harmless. The People argue that exhibit 14 shows that defendant was placed on probation on July 10, 2018, and then committed the current offenses on July 15, 2018. Through exhibit 14, the People argue that a jury would have found beyond a reasonable doubt that defendant was on probation when he committed the current crimes.

We agree with the People.

### B. Legal Standard

Effective January 1, 2022, and pursuant to section 1170, "when a sentencing court chooses a term from a statutory triad, the chosen term shall not exceed the middle term, unless the facts supporting the aggravating circumstances are (1) established by the defendant's stipulation to them, (2) proven to a jury (or to a court, if jury is waived) beyond a reasonable doubt, or (3) based on prior convictions evidenced by a certified record of conviction." (*People v. Jones* (2022) 79 Cal.App.5th 37, 44; see § 1170, subd. (b).)

6.

"[U]nder the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence." (*Cunningham v. California* (2007) 549 U.S. 270, 281; *Lynch*, *supra*, 16 Cal.5th at p. 742.) The United States Supreme Court has emphasized that, with the limited exception of the fact of a prior conviction (and the legal elements to sustain that conviction), "[v]irtually 'any fact' that 'increase[s] the prescribed range of penalties to which a criminal defendant is exposed' must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." (*Erlinger v. United States* (2024) 602 U.S. 821, 834, 839.) Thus, under the current version of section 1170, "a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established." (*Lynch*, at p. 768; *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 332.) The Sixth Amendment violation is considered prejudicial, and a remand for resentencing will be required, "unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with current statutory requirements." (*Lynch*, at p. 768; *Gonzalez*, at p. 332*.*). In other words, harm is assessed under the *Chapman*[3] standard. (*Lynch*, at pp. 756, 768; *Gonzalez*, at p. 332.)

### C.    Analysis

The parties agree that the trial court erred by considering defendant's probation status as an aggravated factor in determining the sentence. We agree with the parties that the court erred. The jury was not asked to make any determinations regarding defendant's probation status, and defendant did not admit that he was on probation.

---

[3]    *Chapman v. California* (1967) 386 U.S. 18.

7.

Further, section 1170, subdivision (b)(3) permits a court to make determinations from certified records of conviction about a defendant's prior convictions, not a defendant's probation status. (§ 1170, subd. (b)(3); *People v. Dunn* (2022) 81 Cal.App.5th 394, 404–405, overruled on other grounds by *Lynch*, *supra*, 16 Cal.5th at pp. 768–769.) *Erlinger* also indicates that probation status may not be determined by a court from certified criminal records. (*Erlinger v. United States*, *supra*, 602 U.S. at pp. 834, 839.) Therefore, the court erred by considering defendant's probation status in imposing upper term sentences on counts 2 through 4.

Defendant argues that we should follow *Irvin II*, *supra*, F084806 to find the error harmful. However, we cannot follow *Irvin II*. First, *Irvin II* reversed the full sentence based on harm involving the GBI enhancements. In this appeal, the challenge is to the sentences on counts 2 through 4, not on the associated GBI enhancements. Second, we explained in *Irvin II* that the trial court did not make findings beyond a reasonable doubt and that we were unable to determine which factors the trial court had considered when it decided to impose the upper term on the GBI enhancements. Thus, we were unable to properly assess harm. In contrast, the record in this appeal shows that the court both expressly identified three aggravating factors to set the upper term sentences on counts 2 through 4 and expressly found that each aggravating factor was applicable beyond a reasonable doubt. Third, *Irvin II* relied heavily on *Dunn*. *Lynch* rejected *Dunn*'s multipart harm analysis and instead adopted the *Chapman* standard for assessing harm. (*Lynch*, *supra*, 16 Cal.5th at pp. 768–769.) We cannot follow this aspect of *Dunn* any longer. For these reasons, we will not simply adopt our prior analyses and conclusions from *Irvin II*. Instead, we resolve this appeal through application of *Lynch*.

Reversal of defendant's sentence is required unless we can determine beyond a reasonable doubt that a reasonable jury would have found true that defendant was on probation at the time he committed the current offenses. (*Lynch*, *supra*, 16 Cal.5th at p. 768.) At the urging of the People, the trial court relied on defendant's certified RAP

8.

sheet to conclude that he was on probation when he attacked R.B. and M.N. As noted above, the certified RAP sheet was admitted during defendant's trial as People's exhibit 14. The People correctly point out that exhibit 14 shows defendant was convicted on July 10, 2018, of a misdemeanor violation of Health & Safety Code section 11364 (possession of drug paraphernalia) and sentenced in part to three years of probation. Exhibit 14 also shows that on June 12, 2017, defendant was sentenced in part to three years of probation for violation of section 273.6, subdivision (a) (violation of a protective order). Defendant does not address exhibit 14, or the probationary terms reflected therein. In the absence of argument from defendant, and on the strength of exhibit 14, we concluded beyond a reasonable doubt that a jury would have found that defendant did commit the current offenses while he was on probation.[4] (*Lynch*, at p. 768; see also rule 4.421(b)(4).) Therefore, the court's consideration of defendant's probation status was harmless. (*Lynch*, at pp. 768–769.)

---

[4] The People contend that none of the three aggravating factors identified by the trial court comply with section 1170 and the Sixth Amendment, but that consideration of the three factors was harmless. We agree that defendant's certified 969b packet and certified RAP sheet (exhibits 13 and 14) reflect terms of imprisonment and a significant number of convictions, and thus, weigh in favor of finding any errors to be harmless. However, defendant's opening brief challenged only the trial court's consideration of defendant's probation status, and defendant did not file a reply brief. Therefore, there is no indication that defendant either agrees with or wishes to pursue the People's concession. We are not bound by the People's concession. (*People v. Vivar* (2021) 11 Cal.5th 510, 524; *Desny v. Wilder* (1956) 46 Cal.2d 715, 729; *People v. Kimble* (2024) 99 Cal.App.5th 746, 749.) In the absence of an actual argument by defendant that adopts the People's position, we will confine our analysis to the sole issue actually raised by the defendant in his appeal: the court's consideration of defendant's probation status. We express no opinion regarding the propriety or harmlessness of the court's consideration of any other aggravating factor.

## CONCLUSION

This judgment is affirmed.